IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PHILLIP REEVES                                                                               PLAINTIFF

v.                                                                        CIVIL ACTION NO. 1:08CV43-SAA

MICHAEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY                                                                              DEFENDANT

**MEMORANDUM OPINION**

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Phillip Reeves for disability benefits under Title II and supplemental security income under Title XVI the Social Security Act. The applications were denied initially and on reconsideration. After an administrative hearing on August 9, 2007, an Administrative Law Judge [ALJ] issued an unfavorable decision dated August 22, 2007. That decision was properly appealed to this court. The court originally set deadlines in this case requiring the plaintiff file a brief by July 16, 2008. Due to technical difficulties, the plaintiff's brief was not filed until October 1, 2008, when it was filed as an attachment to a motion for leave to file brief out of time. The court allowed the brief to be filed and gave the government thirty days to file its response brief. Thereafter the government was allowed an extension of time to file its response brief. This case is now ripe for review. In accordance with the provisions of 28 U.S.C. § 636(c) both parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including an order for final judgment. Therefore, the undersigned has authority to issue this opinion and the accompanying final judgment.

## I.  FACTUAL AND PROCEDURAL HISTORY

The plaintiff, Phillip Reeves, was born on July 31, 1978.  He has a 12th grade education.  His past relevant work was as a tire builder and an assembler of motor homes.  At the time of the administrative hearing  plaintiff was twenty-nine years old.  He filed his applications for disability insurance benefits and supplemental social security income on July 25, 2005.  He alleged an onset of disability beginning April 29, 2005, due to chronic pain, herpes viral encephalitis, memory loss and depression.   The Social Security Administration denied his applications both initially and on reconsideration.  Ultimately the unfavorable decision of the ALJ , was properly appealed and is now before this court.

In his decision, the ALJ found that plaintiff suffered from a history of viral encephalopathy, neck disorders, back disorders, an anxiety disorder and a depressive disorder, each of which constituted  "severe" impairments under the Social Security regulations (Tr. 16, 21), but that failed to meet or equal a listed impairment under 20 CFR Part 404, Subpart P, Appendix 1.  (Tr. 17, 21).  After review of the medical evidence and the plaintiff's testimony at the hearing, the ALJ determined that the plaintiff retains the residual functional capacity [RFC] to lift 2 to 5 pounds occasionally, to stand and walk for only 2 to 3 hours and to sit for only 2 to 4 hours in an 8-hour work day.  (Tr. 18).  He can occasionally stoop or kneel and can never climb, balance, crouch or crawl.  *Id.*  He has additional limitations in working at heights, with moving machinery, or excessive vibration.  *Id.*  Finally, the ALJ found that plaintiff had fair abilities to deal with work stresses and to behave in an emotionally stable manner.  *Id.*  Based on this RFC and the testimony of a vocational expert [VE], the ALJ concluded that the plaintiff could not return to his past relevant work, which fell within the medium and heavy exertional levels.  *Id.*

Based on the testimony of the plaintiff, the VE, and the record in the case, the ALJ then found that based on the plaintiff's age, education, work experience, and RFC, and utilizing the Medical-Vocational Guidelines contained within Appendix 2 to the Regulations, no jobs exist in significant numbers in the national economy which the plaintiff could perform.

Upon determining the plaintiff's RFC and that he was unable to return to his past work, the ALJ then turned to the plaintiff's history of drug and/or alcohol use/abuse. The ALJ pointed to several medical records showing plaintiff's reported ongoing use of "mini-thins,"[1] his regular consumption of alcohol, and at least one reported occasion when the plaintiff took increased dosages of medications and ran out of prescriptions early. (Tr. 228, 230, 241, 265, 273, 395). He also referenced the plaintiff's testimony at the administrative hearing that he still takes about six mini-thins every other day. (Tr. 34). After review of the record and references in medical records to plaintiff's exaggerated complaints of pain (Tr. 263), and plaintiff's representations regarding his functional limitations and subjective complaints of overall pain (Tr. 31-32), juxtaposed with objective medical findings that reveal a "tiny" herniated disc (Tr. 306), the ALJ determined that the plaintiff's subjective complaints were less than credible. (Tr. 19, 21). Weighing these factors, the ALJ held that the plaintiff's "extensive and ongoing history of drug and/or alcohol abuse constitutes a contributing factor material to the determination of disability." (Tr. 19).

Next the ALJ determined that based on his findings and the record, "if he ceased his extensive and ongoing drug and/or alcohol abuse [the plaintiff] would retain the residual functional capacity to perform the full range of light work," (Tr. 20) because in that event,

---

[1] A form of ephedrin.

plaintiff

> could lift 20 pounds occasionally and ten pounds frequently. He could stand and walk for six hours and could sit for six hours in an eight-hour work day. He could perform pushing and pulling to the extent of 20 pounds. . . . regarding mental issues . . . [plaintiff] would experience 'fair' abilities to deal with work stresses and to behave in an emotionally stable manner. . . . regarding the "B" criteria would experience mild restrictions in the activities of daily living and maintaining social functioning, no restrictions in maintaining concentration, persistence, or pace and no episodes of decompensation. He would experience no restrictions in the "C" criteria.

(Tr. 20). Using this RFC, considering the plaintiff's age, education, work experience and utilizing the Medical-Vocational Guidelines in Appendix 2 to the Regulations, the ALJ found that jobs exist in significant numbers in the national economy which the plaintiff could perform and thus concluded that the plaintiff was not under a disability as prescribed by the Social Security Act. (Tr. 20 - 21).

On appeal, the plaintiff raises three issues: (1) whether the ALJ's decision that the plaintiff's drug and alcohol abuse is a material contributing factor to the determination of disability is supported by substantial evidence; (2) whether the ALJ's finding that the plaintiff is able to sustain gainful employment is supported by substantial evidence because it rests upon a faulty hypothetical question; and (3) whether the ALJ failed to properly evaluate the plaintiff's combination of impairments, specifically plaintiff's carpal tunnel syndrome, as required by 20 C.F.R. § 1520.

## II. STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. §

405(g); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401, quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938). The Fifth Circuit has further explained that substantial evidence:

> must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'

*Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988), quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not re-weigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner, even if it finds that the evidence preponderates against the Commissioner's decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988); *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

In making a determination of disability, the ALJ follows a five-step legal standard as set out in 20 C.F.R. §§ 404.1520(b)-(f) and 416.920. *Harrell,* 862 F.2d at 475. The steps are:

> 1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings.
> 2. An individual who does not have a "severe impairment" will not be found to be disabled.
> 3. An individual who meets or equals a listed impairment in Appendix 1 of

the regulations will be considered disabled without consideration of vocational factors.

    4. If an individual is capable of performing the work he has done in the past, a finding of "not disabled" must be made.

5. If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Dominguez v. Astrue,* 286 Fed.Appx. 182, 187-188, 2008 WL 2787483, 4 (5th Cir. 2008). The plaintiff bears the burden of proof at the first four steps. *See Watson v. Barnhart,* 288 F.3d 212, 216 (5th Cir.2002). If the plaintiff has met this burden at the first four steps, the burden then shifts to the ALJ to prove the fifth step. *Id.* Under applicable Social Security rules and regulations, the Commissioner has the final responsibility for determining an individual's residual functional capacity, whether that RFC prevents him from doing past relevant work, and ultimately for determining whether an individual is disabled under the Social Security Act. *See* 20 C.F.R. § 404.1527.

### III. DISCUSSION

<u>Use of Drugs and/or Alcohol</u>

If the ALJ determines that a plaintiff is disabled, but there is medical evidence in the record of drug addiction or alcoholism, the ALJ must determine whether that substance abuse is a "contributing factor material to the Commissioner's determination of disability." 42 U.S.C. § 1382c(a)(3)(J); 20 C.F.R. § 404.1535(a).[2] If the ALJ finds that a plaintiff's "remaining

---

[2]The 1996 Amendments changed the provisions of 42 U.S.C. §§ 423 and 1382 which are the bases, respectively, for awards of DIB and SSI benefits. As amended, the Social Security Act now provides that "[a]n individual shall not be considered to be disabled . . . if alcoholism or drug addition would (but for this paragraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J). As a means of implementing these reforms, the Social Security Administration adopted regulations which direct the ALJ's mechanical application of the law. 20 C.F.R. §§

6

limitations would not be disabling, [the ALJ] will find that [the plaintiff's] drug addiction or alcoholism is a contributing factor material to the determination of disability. 20 C.F.R. § 404.1535(b)(2)(I). If alcoholism or drug addiction is a contributing factor material to the determination of disability, then the plaintiff is not considered disabled and is ineligible to receive benefits. 42 U.S.C. § 1382c(a)(3)(J). In contrast, drug addiction or alcoholism is not a "contributing factor material to the determination of disability" if the claimant still would be disabled even if he stopped using drugs or alcohol. 20 C.F.R. § 404.1535(b)(1). It is the claimant who "bears the burden of proving that drug or alcohol addiction is not a contributing factor material to [his] disability." *Brown v. Apfel,* 192 F.3d 492, 498 (5th Cir.1999).

In this case, the ALJ first determined that including the effects of plaintiff's "extensive and ongoing drug and/or alcohol abuse," evidenced by his use of mini-thins and pain-killing narcotics and consumption of alcohol, the plaintiff was disabled. (Tr. 21-22). The ALJ found that if the plaintiff ceased his "extensive and ongoing drug and/or alcohol abuse [the plaintiff] would retain the physical residual functional capacity to perform the full range of light work," (Tr. 20), and "a significant number of jobs exists [sic] in the national economy which the claimant could perform." (Tr. 22).

The plaintiff contends that the ALJ's determination was erroneous. Arguing that none of the doctors cited use of drugs or alcohol as contributing to his limitations or impairments, plaintiff contends that the medical evidence, while clearly referencing plaintiff's use of "mini-

---

404.1535; 416.935. Under these regulations, a finding of disability is a condition precedent to the requirement that the ALJ inquire as to whether alcoholism or drug addition is a contributing factor to the disability. *Oritz v. Apfel*, 39 F. Supp. 2d (D. Kan. 1998) ("Sections 404.1535(a) and 416.935(a) . . . clearly demonstrate that the Commissioner must find disability before applying the amendatory language.").

7

thins," nevertheless provides objective proof that the plaintiff's pain and fatigue are attributable to plaintiff's encephalitis, not to any use of drugs or alcohol. *See* (Tr. 431) (Report from Dr. Harold Savell, "I strongly suspect that the encephalitis led to the other disorders." "I also strongly suspect that the depression and anxiety are related to his history of encephalitis.").

Upon review of the record, the court is unable to conclude that the ALJ's decision was not supported by substantial evidence. Even though no medical provider specifically characterizes plaintiff's alcohol consumption as "abuse," the record reflects plaintiff's use of alcohol to an extent that could be easily perceived as excessive. *See, e.g.,* Tr. 243 (Report of Dr. Brian Thomas: "Addressing the patient's alcohol intake will be critical so as to avoid further complicating his functioning and placing him at increased risk for additional cognitive impairment and/or depression."). In addition, there are at least two medical opinions that refer to plaintiff's chronic use or abuse of "mini-thins" or ephedrine and the fact that his fatigue may be related to that use. *See* Tr. 230 (Dr. Sam Newell's opinion: "3. Chronic stimulant use. 4. Fatigue of unclear etiology. This may be related to the above medications."); Tr. 274 (Records from Dr. Clyde A. Sheehan: "Ephedrine Abuse."). These opinions in conjunction with the medical records and plaintiff's testimony amount to substantial evidence to support the ALJ's determination that the plaintiff's habitual drug use was a contributing factor material to the determination of disability.

The ALJ's determination of what plaintiff's RFC would be absent drug and alcohol use is consistent with the assessment of the state agency medical consultant, Dr. Robert Culpepper, and the consultative examination report of Dr. Harold Savell. (Tr. 277 - 284, 428 - 435). Thus, the ALJ's finding of plaintiff's RFC if plaintiff were to cease his use of drugs and alcohol is

8

reasonable and is based on medical evidence and not merely the ALJ's opinions.

<u>Evaluation of Impairments, Specifically Plaintiff's Carpal Tunnel Syndrome</u>

Plaintiff next argues that the ALJ failed to consider all of his impairments in combination, but rather viewed them separately, finding plaintiff's impairments do not meet or equal the listings under the Act. According to plaintiff, failure to consider the cumulative effects of all of his impairments, specifically the fact that the ALJ failed to mention plaintiff's diagnosed carpal tunnel syndrome, warrants reversal of the ALJ's decision. *Davis v. Heckler*, 748 F.2d 293 (5th Cir. 1984); *Scott v. Heckler,* 770 F.2d 482, 487 (5th Cir. 1985); *Wingo v. Bowen*, 852 F.2d 827 (5th Cir. 1988). Although the plaintiff did not claim carpal tunnel syndrome as a basis for disability in his application for DIB and SSI, there is no question that the condition was diagnosed with the condition on November 30, 2004. (Tr. 264-65), and the plaintiff testified at the hearing before the ALJ about the limitations imposed by the syndrome. (Tr. 28, 45 ). Thus, the ALJ knew that carpal tunnel syndrome was among plaintiff's claimed impairments at the time he rendered his decision. *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995); *but see Pierre v. Sullivan*, 884 F.2d 799 (5th Cir. 1989).

The defendant responds that although the ALJ did not use the term "carpal tunnel syndrome, he did in fact did consider plaintiff's impairment, including plaintiff's "hand pain," and "carefully reviewed Dr. Norman's medical records" in his decision. Docket 19, p. 14. Further, defendant argues that plaintiff's carpal tunnel syndrome was not sufficiently severe to affect plaintiff's work ability and consequently is not relevant in determining whether the ALJ's decision is supported by substantial evidence.

The Fifth Circuit has held that an ALJ must consider the "combination of unrelated

9

impairments 'to see if together they are severe enough to keep the claimant from doing substantial gainful activity.'" *Scott v Heckler*, 770 F.2d at 487, quoting *Dorsey v. Heckler*, 702 F.2d 597, 605 (5th Cir. 1983)(disavowed on other grounds). The Circuit went on to observe that in accordance with 20 C.F.R. §§ 404.1522 and 416. 922, "the Act seeks to administer relief to the whole man and not simply to serve as a vehicle for the separate clinical analysis of individual ailments." *Id.* To this end, under the regulations controlling the evaluation of disability, the Secretary "can combine unrelated impairments to see if together they are severe enough to keep [the plaintiff] from doing substantial gainful activity." 20 C.F.R. §§ 404.1522, 416.922. Finally, under 20 C.F.R. § 404.1520(a)(3), the regulations provide that the commissioner "will consider all evidence."

As noted, there is clear evidence of plaintiff being diagnosed with carpal tunnel syndrome (Tr. 265, 266), and the testimony at the administrative hearing reflected that plaintiff has carpal tunnel syndrome. (Tr. 28, 45). Moreover, upon questioning by plaintiff's attorney, the VE testified that if plaintiff had certain restrictions or limitations due to his carpal tunnel syndrome, they would negatively affect the plaintiff's ability to work. (Tr. 45 - 46). Nowhere in the text of the decision or in his separate findings does the ALJ state that he has considered the plaintiff's impairments singly and in combination. (Tr. 17, 21). *See Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985). Finally, nowhere in the decision does the ALJ mention carpal tunnel syndrome. In fact, when he states that he "carefully reviewed Dr. Norman's medical records," the ALJ refers to him initially as Dr. Norman, but when discussing the records in detail, refers to him as Dr. Noonan. (Tr. 16, 19). The court holds that the ALJ did not properly consider all of the plaintiff's impairments, either alone or in combination, and therefore this case must be

remanded for consideration in accordance with 20 C.F.R.§§ 404.1520, 404.1522 and 416.920, 416.922.  *See  Davis v. Heckler*, 748 F.2d 293 (5th Cir. 1984) ;  *Scott v. Heckler,* 770 F.2d 482, 487 (5th Cir. 1985);  *Wingo v. Bowen*, 852 F.2d 827 (5th Cir. 1988).

Although this court does not necessarily suggest that  the ALJ's final determination is wholly unsupported, in light of the ALJ's failure to consider, or to articulate consideration of, plaintiff's carpal tunnel syndrome, which was clearly an issue critical to the determination of disability in light of the testimony of the VE, the court cannot find that there is substantial evidence in the record to show that the ALJ considered its impact, either standing alone or in combination with other impairments as required by the regulations

The court concludes that this case should be remanded for further consideration regarding the plaintiff's second issue on appeal.  As concluded above, there was no error in the ALJ's determination relating to plaintiff's first issue on appeal.  Finally,  the court has not addressed the plaintiff's remaining issue on appeal as it relates, in part,  to consideration of carpal tunnel syndrom in a hypothetical posed to the VE during the hearing.  Therefore, that issue must also be reexamined on remand.

## IV.   CONCLUSION

For the foregoing reasons, the court finds that the this matter should be remanded to the ALJ for further consideration consistent with this opinion.

THIS, the 24th day of July, 2009.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE